**McGinley v. McGinley**

*Elizabeth A. Brew,* for plaintiff.
*Frank L. Kroto,* for defendant.

JIULIANTE, *J.,* January 24, 1984—This divorce action is before the court on defendant's motion to bifurcate. The complaint was filed February 3, 1983 and subsequently amended on March 22, 1983. Plaintiff pleaded that the marriage was irretrievably broken, and both parties have filed affidavits of consent. An evidentiary hearing on this motion was held on January 23, 1984.

Our only guidance in making a decision on a motion to bifurcate comes in the case of Wolk v. Wolk, 318 Pa. Super. 311, 464 A.2d 1359. In that case, the Superior Court stated:

"[T]he decision to bifurcate, thought permissible, should not be made pro forma, as in the case of Klein v. Klein, supra. Rather, such a determination should be made only after the disadvantages and the advantages have been carefully explored and analyzed. Each case must be reviewed on its facts only and only following the court's determination that the consequences of bifurcating the case will be of greater benefit than not bifurcating, should it grant the petition." 464 A.2d 1362. Further, Wolk instructs us that a motion to bifurcate a divorce is vested within the sound discretion of the trial court.

At the hearing defendant testified that he suffers from a skin condition, which is aggravated by stress.

He further testified that he had made attempts to reconcile with plaintiff but these had not proved fruitful and that he considered the marriage to be irretrievably broken. Defendant represented to the court that he had no intention of interfering with his wife's possession of the family home, or her custody of the four children born of the marriage. There is currently no order of alimony pendente lite; a support order for the children was recently entered. A master's hearing on the issues of alimony, alimony pendente lite, counsel fees, and equitable distribution of marital property is to be held in the near future.

Plaintiff testified that in her opinion the marriage was irretrievably broken, and that she desires a divorce. She further testified that she did not expect bifurcation of the divorce to expedite a settlement of this action. Plaintiff owns very little property in her own right and testified that she feels she will be unable to restructure her life until the financial issues are resolved.

It appears to the court that efforts to negotiate a settlement of the economic issues will not be successful in the near future, regardless of whether the issue of divorce is bifurcated from the economic issues or not, defendant has, however, agreed to maintain the status quo and to comply with any further orders of court regarding these economic issues. It appears to the court that the economic issues will require resolution by a master and the court en banc.

The court finds, therefore, that granting the motion for bifurcation will not impede the resolution of ancillary issues in this case, and the court further finds that granting the motion for bifurcation will tend to simplify the action, and reduce stress upon

the parties. For that reason, we shall grant defendant's motion to bifurcate.

### ORDER

And now, this January 24, 1984, upon consideration of defendant's motion to bifurcate this action, and in consideration of the testimony adduced at the evidentiary hearing of January 23, 1984, it is ordered, adjudged and decreed that defendant's motion shall be and is hereby granted.

Upon submission of decrees in the appropriate form, the prothonotary is directed to enter a judgment of divorce in favor of both parties pursuant to 23 Pa.C.S. §201(C).